UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ETHLYN D. JOHNSON,                                           Index No.:

                            Plaintiff,

  -against-                                                           **COMPLAINT**

NEW YORK CITY HEALTH AND HOSPITALS        **JURY TRIAL DEMANDED**
CORPORATION,

                            Defendants.
------------------------------------------------------------------X

       Plaintiff, ETHLYN D. JOHNSON ("Plaintiff"), by and through her attorneys The Siegel Law Firm, P.C., and The Waxman Law Firm, P.C. as and for her Verified Complaint against Defendants, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, ("Defendant") respectfully alleges as follows:

## VENUE AND JURISDICTION

      1.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff has causes of action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq* ("ADEA").

      2.     The Court also has supplemental jurisdiction over state and city law claims under 28 U.S.C. §1367.

      3.     Venue is proper in this District under 28 U.S.C. §1391 because this is where Defendant can be found and transact their affairs and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

      4.     Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter dated October 5, 2020.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff is an individual who resides at 146-43 222nd Street, Springfield Gardens, NY 11413.

6. At all times hereinafter mentioned, upon information and belief, NYC Health and Hospitals is a public benefit corporation duly organized and existing pursuant to the laws of the State of New York, and operates healthcare facilities in the five boroughs of New York City.

## FACTUAL BACKGROUND

7. Plaintiff is a 64 year old woman who has been employed by Defendant at the Queens Hospital location, located at 82-68 164th Street, Queens, New York 11432 since in or about 1986, and is employed as a Coordinating Manager.

8. In or about January 2018, Joan Calandrella, the individual who held the role of Program Planner Analyst with Defendant retired.

9. After Joan Calandrella retired as the Program Planner Analyst, Plaintiff performed the duties and tasks associated with the Program Planner Analyst position in a superb fashion.

10. In or about April 2019, Defendant sought out a permanent hire for the Program Planner Analyst position.

11. The annual salary for the Program Planner Analyst position is approximately $5,000.00 more than Plaintiff's title and position.

12. On or about April 22, 2019, Plaintiff applied for the Program Planner Analyst position with Defendant.

13. Defendant has a policy of attempting to fill open vacancies internally before seeking outside hires

14. Plaintiff interviewed for the open Program Planner Analyst position with the Social Services Department Director, Mark White ("White").

15. Despite working for the Defendant since 1986 and performing the tasks and duties of the Program Planner Analyst position for approximately 16 months in a superb manner, Plaintiff was passed over for the Program Planner Analyst position.

16. On or about November 19, 2019, Kathy Donovan ("Donovan"), a 54 year old female, who is a decade younger than Plaintiff, was hired for the open Program Planner Analyst position.

17. Although it is the policy of Defendant to fill open vacancies through internal hires, Donovan was an outside hire.

18. Further, although Plaintiff had performed the duties and tasks of the Program Planner Analyst position for 16 months in addition to her regular duties as Coordinating Manager, and had worked in Administrative roles for Defendant since 1986, Donovan, had been an Administrative Assistant since only 2017, and was a substitute teacher immediately prior to her role as an Administrative Assistant.

19. Although Donovan would be Plaintiff's supervisor, Plaintiff was responsible for training Donovan.

20. The reason for Plaintiff being passed over for the Program Planner Analyst position was due to her being 64 years of age.

21. White advised several individuals employed by Defendant or who interviewed for the Program Planner Analyst position that Plaintiff would not be hired because she was "old and incompetent" and that he was going to make sure that he "gets her out of the Department".

22. White was terminated on or about February 27, 2020 for having sexual relations with a subordinate in his office during work hours.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Violation of Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq*.)**

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "22" as if fully set forth herein.

24. Plaintiff is employed by Defendant.

25. Plaintiff is 64 years old, and within the protections afforded under the ADEA.

26. Plaintiff was discriminated against by Defendant with respect to her compensation, terms, conditions, and/or privileges of her employment because of Plaintiff's age, as she was passed over for the open Program Planner Analyst position, which comes with higher status and pay, because of her age.

27. Plaintiff was discriminated against by Defendant through Defendant limiting, segregating, and classifying Plaintiff in a way which deprived, or tended to deprive Plaintiff, of employment opportunities, or otherwise adversely affected Plaintiff's status as an employee because of Plaintiff's age, as she was passed over for the open Program Planner Analyst position, which comes with higher status and pay, because of her age.

28. As a result of Defendants' unlawful discriminatory conduct under the Age Discrimination in Employment Act, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, including but not limited to, loss of past and future income, monetary and/or economic damages entitling Plaintiff to an award of damages.

29. In light of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, but in no event less than $200,000.00, plus liquidated damages.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Violation of New York State Human Rights Law – N.Y. Exec. Law §290 *et seq.*)**

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "29" as if fully set forth herein.

31. Plaintiff is employed by Defendant.

32. Plaintiff is 64 years old and within the protections afforded by the New York State Human Rights Law.

33. Plaintiff was discriminated against by Defendant in promotion, compensation, and/or terms, conditions, or privileges of employment because of Plaintiff's age, as she was passed over for the open Program Planner Analyst position, which comes with higher status and pay, because of her age.

34. As a result of Defendants' unlawful discriminatory conduct under the NYSHRL, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, including but not limited to, loss of past and future income, monetary and/or economic damages entitling Plaintiff to an award of damages, and she has suffered physical illness, severe mental anguish and emotional distress including but not limited to stress and anxiety, embarrassment, humiliation, loss of self-confidence and self-esteem, loss of enjoyment of life and emotional pain and suffering, and inconvenience due to Defendants actions, entitling her to an award of damages.

35. As a result of Defendants' unlawful discriminatory conduct under the NYSHRL, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, including but not limited to, loss of past and future income, monetary and/or economic damages entitling Plaintiff to an award of damages, and she has suffered physical illness, severe mental anguish and emotional distress including but not limited to stress and anxiety,

embarrassment, humiliation, loss of self-confidence and self-esteem, loss of enjoyment of life and emotional pain and suffering, and inconvenience due to Defendants actions, entitling her to an award of damages.

36. In light of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, but in no event less than $200,000.00, plus reasonable attorneys' fees and costs of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of New York City Human Rights Law – Title 8 of the New York City Administrative Code)

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36" as if fully set forth herein.

38. Plaintiff is employed by Defendant.

39. Plaintiff is 64 years old and within the protections afforded by the New York City Human Rights Law.

40. Defendant discriminated against Plaintiff in the compensation terms, conditions, and/or privileges of her employment.

41. Plaintiff was discriminated against by Defendant in promotion, compensation, and/or terms, conditions, or privileges of employment because of Plaintiff's age, as she was passed over for the open Program Planner Analyst position, which comes with higher status and pay, because of her age.

42. In light of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, but in no event less than $200,000.00.

43. As a result of Defendants' unlawful discriminatory conduct under the NYCHRL, Plaintiff has been denied employment opportunities providing substantial compensation and

benefits, including but not limited to, loss of past and future income, monetary and/or economic damages entitling Plaintiff to an award of damages, and she has suffered physical illness, severe mental anguish and emotional distress including but not limited to stress and anxiety, embarrassment, humiliation, loss of self-confidence and self-esteem, loss of enjoyment of life and emotional pain and suffering, and inconvenience due to Defendants actions, entitling her to an award of damages.

44. Pursuant to New York City Administrative Code §8-502(g), the court may award the prevailing party reasonable attorney's fees, expert fees and other costs.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Violation of New York State Equal Pay Act – NYLL §194)**

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44" as if fully set forth herein.

46. Plaintiff is in a protected class, as she is a 64 year old woman.

47. Plaintiff earns approximately $56,000.00 per year.

48. Although Plaintiff performed the tasks and duties of the Program Planner Analyst for approximately 16 months after the retirement of Joan Calandrella, and has worked for Defendant since 1986, Donovan, who was hired in November 19, 2019, for the Program Planner Analyst position, earns approximately $61,000.00 per year.

49. The work performed by Plaintiff and Donovan requires equal skill, effort and responsibility, and is performed under similar working conditions.

50. The work performed by Plaintiff and Donovan is substantially similar, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

51. Plaintiff and Donovan's disparity in earnings is not the result of a seniority system, merit system, or system which measures earnings by quantity or quality of production, or any other bona fide factor.

52. As a result of Defendants' unlawful discriminatory conduct under the NYSHRL, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, including but not limited to, loss of past and future income, monetary and/or economic damages entitling Plaintiff to an award of damages, and she has suffered physical illness, severe mental anguish and emotional distress including but not limited to stress and anxiety, embarrassment, humiliation, loss of self-confidence and self-esteem, loss of enjoyment of life and emotional pain and suffering, and inconvenience due to Defendants actions, entitling her to an award of damages.

53. In light of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, but in no event less than $200,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" as if fully set forth herein.

55. Defendant, and/or Defendant's agents engaged in extreme and outrageous conduct by treating Plaintiff in a poor manner and worse than others who are not in her protected classes.

56. White advised several individuals employed by Defendant or who interviewed for the Program Planner Analyst position that Plaintiff would not be hired because she was "old and incompetent" and that he was going to make sure that he "gets her out of the Department.

57. Defendant or Defendant's agents' conduct was made with the intention to cause Plaintiff sever emotional distress.

58.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury in the form of extreme emotional distress.

59.     In light of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, but in no event less than $200,000.00.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Counsel Fees, Expert Fees, and Costs)**

60.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "59" as if fully set forth herein.

61.     Pursuant to N.Y. Exec. Law §297(10), an employer may be liable for attorneys' fees for having committed an unlawful discriminatory practice.

62.     Pursuant to New York City Administrative Code §8-502(g), the court may award the prevailing party reasonable attorney's fees, expert fees and other costs.

63.     In light of the discriminatory practices committed by Defendant, Plaintiff is entitled to recover all counsel fees, expert, fess and all other costs associated with the litigation of this action.

64.     Plaintiff demands all counsel fees, expert fees, and other costs associated with the litigation of this action.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a.  On Plaintiff's FIRST CAUSE OF ACTION, a judgment in an amount to be determined at trial, but in no event less than $200,000.00;

b.  On Plaintiff's SECOND CAUSE OF ACTION, a judgment in an amount to be determined at trial, but in no event less than $200,000.00;

c.  On Plaintiff's THIRD CAUSE OF ACTION, a judgment in an amount to be determined at trial, but in no event less than $200,000.00;

d.  On Plaintiff's FOURTH CAUSE OF ACTION, a judgment in an amount to be determined at trial, but in no event less than $200,000.00;

e. On Plaintiff's FIFTH CAUSE OF ACTION, a judgment in an amount to be determined at trial, but in no event less than $200,000.00;

f. On Plaintiff's SIXTH CAUSE OF ACTION, awarding Plaintiff its costs, disbursements of and attorneys' fees in this action;

g. Liquidated damages; and

h. Punitive damages in an amount to be determined at trial.

i. Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
January 4, 2021

        THE SIEGEL LAW FIRM, P.C.
        *Attorneys for Plaintiff*

By: *Bradley R. Siegel*
    Bradley R. Siegel, Esq.
    591 Stewart Avenue, Suite 400
    Garden City, New York 11530
    (516) 558-7559