UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ETHLYN D. JOHNSON,

                                    Plaintiff,

               – against –

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                  Defendant.

---------------------------------------------------------------------- x

**ANSWER**

No. 21-CV-00025-BMC

         Defendant New York City Health and Hospitals Corporation, operating as H + H ("H+H"), by its attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for their Answer to the Complaint (ECF No. 1), respectfully alleges as follows:

         1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein, and respectfully refers the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

         2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein, and respectfully refers the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

         3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that venue is proper.

         4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, and respectfully refers the Court to

the charge and right to sue letter cited therein for a complete and accurate statement of their contents.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      Admits the allegations set forth in paragraph "6" of the Complaint.

7.      Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Plaintiff is 64 years old, that Plaintiff began her H+H employment in or around 1986, that Plaintiff has worked in the Social Work Department at Queens Hospital Center since March 2014, and that Plaintiff was and is in the Coordinating Manager Level-A position.

8.      Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the Health Care Program Policy Analyst ("HCPPA") position became vacant when Joan Calandrella retired in January 2018.

9.      Denies the allegations set forth in paragraph "9" of the Complaint.

10.     Admits the allegations set forth in paragraph "10" of the Complaint..

11.     Denies the allegations set forth in paragraph "11" of the Complaint.

12.     Denies the allegations set forth in paragraph "12" of the Complaint.

13.     Denies the allegations set forth in paragraph "13" of the Complaint.

14.     Admits the allegations set forth in paragraph "14" of the Complaint.

15.     Denies the allegations set forth in paragraph "15" of the Complaint, except admits that Plaintiff was not recommended for the HCPPA position.

16.     Denies the allegations set forth in paragraph "16" of the Complaint, except admits that Kathy Donovan was recommended for the HCPPA position on October 23, 2020, that Donovan is 54 years old, and that Plaintiff is 64 years old.

17.     Denies the allegations set forth in paragraph "17" of the Complaint, except admits that Donovan was an external candidate for the HCPPA position.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that White is no longer employed by H+H.

23.     In response to paragraph "23" of the Complaint, Defendant repeats and re-alleges its responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

24.     Admits the allegations set forth in paragraph "24" of the Complaint.

25.     Paragraph "25" of the Complaint sets forth a conclusion of law to which no responsive pleading is required.  To the extent this paragraph is found to interpose allegations of fact, Defendant denies those allegations, except admit that Plaintiff is 64 years old, and respectfully refers the Court to the statute cited therein for a full and accurate statement of its contents.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     In response to paragraph "30" of the Complaint, Defendant repeats and re-alleges its responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

31.     Admits the allegations set forth in paragraph "31" of the Complaint.

32.     Paragraph "32" of the Complaint sets forth a conclusion of law to which no responsive pleading is required.  To the extent this paragraph is found to interpose allegations of fact, Defendant denies those allegations, except admit that Plaintiff is 64 years old, and respectfully refers the Court to the statute cited therein for a full and accurate statement of its contents.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     In response to paragraph "37" of the Complaint, Defendant repeats and re-alleges its responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

38.     Admits the allegations set forth in paragraph "38" of the Complaint.

39.     Paragraph "39" of the Complaint sets forth a conclusion of law to which no responsive pleading is required.  To the extent this paragraph is found to interpose allegations of fact, Defendant denies those allegations, except admit that Plaintiff is 64 years old, and respectfully refers the Court to the statute cited therein for a full and accurate statement of its contents.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Paragraph "44" of the Complaint contains a statement of law to which no responsive pleading is required.  To the extent this paragraph is found to interpose allegations of

fact, Defendant denies those allegations and respectfully refers the Court to the statute cited therein for a full and accurate statement of its contents.

45.     In response to paragraph "45" of the Complaint, Defendant repeats and re-alleges its responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

46.     Paragraph "46" of the Complaint sets forth a conclusion of law to which no responsive pleading is required.  To the extent this paragraph is found to interpose allegations of fact, Defendant denies those allegations, except admits that Plaintiff is 64 years old, and respectfully refers the Court to the statute cited therein for a full and accurate statement of its contents.

47.     Denies the allegations set forth in paragraph "47" of the Complaint, and affirmatively states that Plaintiff earns $63,221 per year.

48.     Denies the allegations set forth in paragraph "48" of the Complaint.

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

51.     Denies the allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Complaint.

54.     In response to paragraph "54" of the Complaint, Defendant repeats and re-alleges its responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

55.     Denies the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint.

57.     Denies the allegations set forth in paragraph "57" of the Complaint.

58.     Denies the allegations set forth in paragraph "58" of the Complaint.

59.     Denies the allegations set forth in paragraph "59" of the Complaint.

60.     In response to paragraph "60" of the Complaint, Defendant repeats and re-alleges its responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

61.     Paragraph "61" of the Complaint contains a statement of law to which no responsive pleading is required.  To the extent this paragraph is found to interpose allegations of fact, Defendant denies those allegations and respectfully refers the Court to the statute cited therein for a full and accurate statement of its contents.

62.     Paragraph "62" of the Complaint contains a statement of law to which no responsive pleading is required.  To the extent this paragraph is found to interpose allegations of fact, Defendant denies those allegations and respectfully refers the Court to the statute cited therein for a full and accurate statement of its contents.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

65.     Denies the allegations set forth in the paragraph containing Plaintiff's prayer for relief and all of its subsections, but admits that Plaintiff purports to proceed as set forth therein.

**<u>AS AND FOR A FIRST DEFENSE</u>:**

66.     The Complaint fails to state a cause of action upon which relief may be granted in whole or in part.

**<u>AS AND FOR A SECOND DEFENSE</u>:**

67.     At all times relevant to the Complaint, Defendants acted reasonably, lawfully, and in good faith, without malice, in accord with the Constitution and all applicable laws, by-laws, rules, and regulations of the United States and the State and City of New York.

**<u>AS AND FOR A THIRD DEFENSE</u>:**

68.     Defendants had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by Plaintiff.  The actions taken would have been taken regardless of any alleged protected status or activity.

**<u>AS AND FOR A FOURTH DEFENSE</u>:**

69.     The Complaint is barred, in whole or in part, Plaintiff's failure to satisfy statutory conditions precedent to suit.

**<u>AS AND FOR A FIFTH DEFENSE</u>:**

70.     Plaintiff's claims for punitive damages are barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## <u>AS AND FOR A SIXTH DEFENSE:</u>

72.     There is no liability under the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107, et seq., where conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed, that the relief sought therein be denied in all respects, that judgment be entered for Defendant, together with such other relief as the Court deems just and proper.

Dated:      New York, New York
            February 11, 2021

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-140
New York, New York 10007
(212) 356-0890
bfinder@law.nyc.gov

By:     /s/
        Brittany Finder
        Assistant Corporation Counsel

William S.J. Fraenkel, Of Counsel.