

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRITTANY J. FINDER**
Labor and Employment Law Division
phone: (212) 356-0890
fax: (212) 356-2439
email: bfinder@law.nyc.gov

February 16, 2021

**Via ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: *Ethlyn D. Johnson v. New York City Health and Hospitals Corporation*
            Civil Action No.: 21-CV-00025-BMC
            Law Dept. No.: 2021-002537

Dear Judge Cogan:

        In accord with Your Honor's Scheduling Order dated January 11, 2021, and in advance of the Initial Pretrial Conference scheduled for February 23, 2021, at 11:30 a.m., the parties submit this joint letter and proposed Case Management Plan, which is annexed hereto as Exhibit "A." *See* ECF No. 6.

        **A.**    **Claims and Defenses**

        **1.**    **Plaintiff's Position**

        Plaintiff Ethlyn D. Johnson asserts, under the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"), claims of age discrimination against Defendant New York City Health and Hospitals Corporation, operating as H + H ("H+H"). Specifically, although Defendant has a policy of attempting to fill open vacancies internally before seeking outside hires, and Plaintiff was performing the duties in connection with the Program Planner Analyst position, at a high and efficient level after the individual who held said role retired for approximately 16 months, as well as the duties of her position, she was not selected to permanently fill that position. Rather, Kathleen Donovan ("Donovan") an outside candidate who was a decade younger than Plaintiff was hired to fill the position. Donovan had been an Administrative Assistant since only 2017, and was a substitute teacher immediately prior to her role as an Administrative Assistant, whereas Plaintiff had worked in Administrative roles for Defendant since 1986. Although Donovan would be Plaintiff's supervisor, Plaintiff was responsible for training Donovan. Plaintiff claims that H+H employee, Mark White,

discriminated against her when he did not select her for the Health Care Program Policy Analyst ("HCPPA") position. Plaintiff alleges that White stated to unnamed staff members that he was not going to hire Plaintiff for the position because she was "too old and incompetent" and that he was going to make sure that he "gets her out of the Department." *See* ECF No. 1.

Plaintiff further asserts causes of action under the New York State Equal Pay Act, pursuant to New York Labor Law § 194, Intentional Infliction of Emotional Distress, and counsel fees pursuant to New York Executive Law § 297(10) and New York City Administrative Code § 8-502(g). Plaintiff, being 64 years of age is in a protected class for her age, and was paid less than similarly situated employees due to her age. As a result of Defendant's wrongdoings against Plaintiff, Plaintiff alleges that she suffered from emotional distress.

As set forth in New York Executive Law § 297(10) and New York City Administrative Code § 8-502(g), Plaintiff is entitled to the costs of her counsel fees expended in this action.

## 2. Defendant's Position

The facts known to Defendant indicate that Plaintiff will not be able to meet her burden under the ADEA, SHRL, or CHRL. The allegations in the Complaint do not plausibly suggest a *prima facie* case of age discrimination. Although Plaintiff alleges that she was not selected for the HCPPA position because of her age, Plaintiff cannot establish that H+H favored younger candidates in its selection process. On information and belief, Plaintiff, at age 64, was the oldest of 36 applicants. The candidate selected, Kathy Donovan, was 54 years old. At least one internal candidate under the age of 40 was not selected for the HCPPA position, which refutes Plaintiff's claim of discriminatory animus.

Further, Plaintiff cannot rebut the existence of legitimate non-discriminatory reasons for not hiring Plaintiff. Based on her limited technological skills, performance issues in her current position, and comments Plaintiff made during her interview, Plaintiff was found to be lacking in the skills, education, and experience required for the HCPPA position. Defendant disputes the existence of a preferential hiring policy for internal job candidates at H+H.

The allegations in the Complaint do not meet the "extreme and outrageous" standard for stating a claim of intentional infliction of emotional distress ("IIED"). Employment discrimination allegations are not tantamount to a claim for IIED. Plaintiff's tort claim against H+H is further barred by Plaintiff's failure to plead, and in fact file, a notice of claim. *See* N.Y. Gen. Mun. Law §§ 50-e, 50-i; *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999).

Plaintiff's allegations also are insufficient to state an equal pay claim under New York Labor Law § 194. The Complaint fails to identify even a single male employee who performed tasks similar to those Plaintiff performed and who was paid more than Plaintiff. Plaintiff also fails to allege a history or past practice of paying female employees less than men, or that any lower pay was motivated by discriminatory animus toward women. The New York State Equal Pay Act, by its terms, does not recognize age as a protected class. *See* N.Y. Labor Law § 194(1).

**B.      Contemplated Motion Practice**

Plaintiff and Defendant contemplate filing motions for summary judgment after the close of discovery.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/
Brittany J. Finder
Assistant Corporation Counsel
Attorney for Defendant


/s/
Bradley Siegel
Attorney for Plaintiff


Encl.   Exhibit "A" (Proposed Civil Case Management Plan and Scheduling Order)