**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Lora Minicucci**
Labor and Employment Division
phone: (212) 356-2078
email: lminicuc@law.nyc.gov

July 7, 2021

**Via ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re: Johnson v. New York City Health & Hosps. Corp.
Civil Action No.: 1:21-cv-00025 (BMC)
Law Dept. No.: 2021-002537

Dear Judge Cogan:

In accord with Rule 3.A(1) of Your Honor's Individual Motion Practice and Rules, Defendant, New York City Health & Hospitals Corporations ("HHC") respectfully requests a pre-motion conference to discuss filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The bases for Defendant's motion are set forth below.

Plaintiff, a coordinating manager for HHC in the Social Work Department at Queens Hospital, filed a complaint on January 4, 2021, asserting claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), New York State Human Rights Law ("SHRL"), New York City Human Rights Law ("CHRL"), and violations of the New York State Equal Pay Act ("NYEPA").

Plaintiff, age 64, applied for a position as a Health Care Program Planner Analyst ("HCPPA") but was ultimately not selected for the position. An outside candidate, Kathy Donovan, age 56, was selected and hired. Mark White, who was the Director of the Social Work Department[1], conducted interviews for the HCPPA position. Plaintiff claims that, while Mr. White was interviewing another candidate for the HCPPA position, Ellen Bellamy, he referred to Plaintiff as "old and incompetent". Yet, when deposed, Ms. Bellamy testified that Mr. White did not reference Plaintiff by name. Rather, he said that someone in his office wanted the position, but that person was "not qualified" and would not receive the position. Ms. Bellamy subsequently accepted a different job with HHC's central office and came to believe that Mr. White was referring to Plaintiff during her interview.

**A.    Plaintiff's age discrimination claims fails because she was not qualified for the HCPPA position**

There is ample deposition and documentary evidence, including Plaintiff's own testimony, establishing that she was not qualified for the HCPPA position. Consequently, Plaintiff cannot establish an essential element of a failure to promote prima facie case, specifically that she was qualified for the position. *See Moy v. Perez*, 712 Fed. Appx 38, 41 (2d Cir. 2017). The HCPPA position required, among other things, someone well versed in Microsoft Office suite to navigate word and excel necessary for office management, document drafting, and data collection. More specifically, the position required proficiency to transcribe documents, schedule and coordinate the Director of Social Work's appointments, track

---

[1] Mark White is no longer employed by HHC.

budgets, monitor projects, resolve inquiries, and prepare reports.  Plaintiff lacked the requisite expertise in Microsoft Office to complete these tasks. Mr. White communicated this to Plaintiff, but Plaintiff opted against attending professional development.  *See Hernandez v. Hampton Bays Union Free Sch. Sch. Dist.*, No. 12-cv-0789 (JS) (SIL), 2015 U.S. Dist. LEXIS 18771, at *13 (E.D.N.Y. Feb. 13, 2015) (finding plaintiff did not establish a prima facie case because he did not meet the requirements for the position and thus, was rendered unqualified).  Therefore, Plaintiff cannot meet the first prong of a prima facie failure to promote claim of age discrimination under the ADEA, SHRL, and CHRL.

**B.**     **Plaintiff cannot establish that age was a motivating factor in not being selected for the position no facts exist that would support an inference discrimination**

In order for a plaintiff to prevail on an age discrimination claim, they must establish age was as the motivating factor for the adverse action.  The instant record is devoid of any such evidence.  Only if a Plaintiff's qualifications exceed those of the individual selected for a particular position can discrimination be inferred.  *See Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001).  As stated above, the HCPPA position required someone proficient in Microsoft Office to complete the duties and responsibilities listed in the HCCPA functional job description.  Based on Kathy Donovan's prior experience as an office manager at the Department of Education, she possessed the necessary computer skills to coordinate appointments, transcribe correspondence, prepare reports, and assist with budgeting/monitoring.   Whereas Plaintiff explicitly testified that she could not coordinate director appointments, transcribe meeting minutes, prepare monthly reports, or assist with project monitoring—all duties listed in the HCCPA position description.  *See Arroyo v. N.Y. Downtown Hosp.*, No. 07-cv-4275 (RJD) (LB), 2010 U.S. Dist. LEXIS 102716, at *15 (E.D.N.Y. Sep. 27, 2010) (finding that the defendant "rebutted any inference of discrimination by coming forward with evidence that [two other individuals] were significantly more qualified than [plaintiff] in both education and experience).  Thus, HHC's selection of a far more-qualified candidate rebuts any inference of discrimination.

Furthermore, a presumption against discrimination exists when plaintiff is replaced by someone of the same protected class.  *See Meyer v. McDonald*, 241 F. Supp. 3d 379, 390, 391 (E.D.N.Y. 2017) (citing cases).  Plaintiff is 64 and Kathy Donovan is 56.  Thus, there is a presumption under the ADEA against discrimination as both individuals were in the protected group.  Moreover, "the replacement of an older worker with a younger worker [ ] does not itself prove unlawful discrimination."  *See Fagan v. N.Y. State Electric & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999).  Here, HHC selected a candidate, approximately eight years younger than Plaintiff and that in itself does not create an inference of discrimination.  *See Spahr v. Am. Dental Ctrs.*, 2006 U.S. Dist. LEXIS 14581, at *12 (E.D.N.Y. Mar. 14, 2006) (finding no inference of discrimination when "there was only a five-year age difference between [p]laintiff and her replacement).  Plaintiff has not raised an inference of discrimination simply because Kathy Donovan was slightly younger than herself.

The only purported evidence that Plaintiff can muster is inadmissible hearsay.  To support her age discrimination claim Plaintiff alleges that she heard from another employee, who allegedly heard from Ms. Bellamy, that Mr. White referred to Plaintiff as "old and incompetent."  The rules of evidence preclude Plaintiff from testifying that she heard from another person, who heard from another person that someone else made a discriminatory comment.  Hearsay upon hearsay upon hearsay cannot be used to support this claim and thus no issue of fact exists.  It should, however, be noted that Ms. Bellamy's denies that Mr. White ever used these words to describe Plaintiff.  Nor should it be overlooked that this alleged comment is, at most, one, isolated remark, which itself is insufficient to defeat a summary judgment.  *See Crawford v. Dep't of Investigation*, 324 F. App'x 139, 142 (2d Cir. 2009) ("[B]ecause his comments . . . were, at best, only weakly probative of discriminatory intent, these comments alone do not suffice to defeat

a motion for summary judgment").  Thus, Plaintiff has not established that any hiring decision occurred because of Plaintiff's age and fails to satisfy the fourth prong of a prima facie case.

**C.      Plaintiff's age discrimination claims are defeated by Defendant's legitimate, business reason for hiring Kathy Donovan for the HCPPA position instead of Plaintiff**

Even if Plaintiff could set forth a prima facie failure to promote case, Defendants are entitled to summary judgment as a matter of law because HHC provided a legitimate, non-discriminatory reason for hiring Kathy Donovan instead of promoting Plaintiff.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148 (2000) ("[A]n employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision.").  Here, Defendant exercised its business judgment to hire an alternative candidate with greater qualifications than Plaintiff.  *Meyer v. McDonald*, 241 F. Supp. 3d 379, 397 (E.D.N.Y. 2017) (noting that the candidate's superior qualifications and subsequent selection established a "legitimate, non-discriminatory reason for defendant's failure to hire [the] plaintiff").  As such, Defendant has proffered a non-discriminatory reason for hiring Kathy Donovan for the HCPPA position, satisfying its burden to offer a justifiable explanation for their hiring decision.

**D.      Plaintiff's NY EPA claim fails as a matter of law because she did not perform the duties of a HCPPA**

Plaintiff brings a claim under the NY EPA.  The act is intended to ensure that people performing the same work receive the same pay for their work.  *See* NY CLS Labor § 194(1).  For the purposes of this statute, all Plaintiff has established is that she is of a protected class because of her age.  NY CLS Labor § 194(2).  However, Plaintiff has not performed equal or similar work to Kathy Donovan.

Plaintiff fails to compare positions performing the same work.  Plaintiff identifies her coordinating manager position and the HCPPA position.  Coordinating managers provide daily information, inputs staff statistics, prepare monthly schedules, distribute staff paychecks, order office supplies, and train volunteers/students.  HCPPAs ensure the entire social work department operates efficiently through transcribing policies, assisting with project monitoring/budget tracking, compiling documentation for meetings/events, coordinating Director's appointments, and serving as the cover for the Director of the Social Work Administrative Office.  These positions require different skills and responsibilities that, in turn result in different salaries.  As Plaintiff cannot establish performing work similar to that performed by Ms. Donovan, Plaintiff has not set forth a prima facie case for her NY EPA claim.  *See Kent v. Papert Cos.*, 764 N.Y.S.2d 675, 684 (1st Dep't 2003) (granting defendant's summary judgment in part because "[w]hile there may have been some overlap in their respective responsibilities," there was no indicator of substantial similar work) (citing *McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001)).

In consideration of the foregoing, Defendant is confident of prevailing on a motion for summary judgment.  Defendant therefore respectfully requests a pre-motion conference to discuss filing a motion for summary judgment.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Lora Minicucci
 Assistant Corporation Counsel

3

cc:     By ECF
         Bradley R. Siegel, Esq.
         591 Stewart Avenue, Suite 400
         Garden City, New York 11530
         (516) 558-7559