**THE SIEGEL LAW FIRM, P.C.**
COUNSELORS AT LAW
591 STEWART AVENUE- 4TH FL.
GARDEN CITY, NEW YORK 11530
PHONE: (516) 558-7559
FAX:    (888) 315-8363

July 12, 2021

The Honorable Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Johnson v. New York City Health and Hospitals Corporation*
           Case No. 1:21-cv-00025-BMC

Dear Hon. Cogan:

    This office represents Plaintiff, Ethlyn D. Johnson ("Plaintiff") in the above-captioned action. I write on behalf of Plaintiff, in response to Defendant's counsel's correspondence dated July 7, 2021, requesting a pre-motion conference to discuss Defendant's intention to file a motion for summary judgment.

    Plaintiff is 64 years old and has been employed by defendant, New York City Health and Hospitals Corporation ("Defendant"), since in or about 1986, and is currently employed by Defendant as a Coordinating Manager in the Social Work Department. Following the retirement of Joan Calandrella, the individual that held the position of the Health Care Program Planner Analyst ("HCPPA"), Plaintiff performed many of the tasks and duties associated with the HCPPA position for approximately 16 months, competently without issue, until in or about November 2019. The record does not reveal any issues with Plaintiff's performance prior to Mark White being hired in or about April 2018 as the Director of the Social Work Department. Many of Plaintiff's colleagues who worked directly with her encouraged her to apply to the HCPPA position when the job listing was opened, and supported her application for the open position.

    Based upon the deposition testimony obtained from the Plaintiff, and non-party witness Ellen Bellamy, it appears that it was a *fait accompli* that Plaintiff would not be selected for the open HCPPA position due to her age, and that she was not provided with a fair opportunity to be selected for this position. Specifically, Plaintiff testified that she heard from others that Mark White, the Director of the Social Work Department, who was caught having sexual relations with a colleague in his office at NYCH&H, would not be hiring her for the HCPPA position before she even had an opportunity to interview. Ellen Bellamy testified that while she was interviewing for the HCPPA position that Mark White stated that "[t]here is someone applying for the position, are they going to get it, no…and I didn't know if the person was old. He just mentioned mature." Ms. Bellamy then later came to the conclusion that the individual that Mark White was speaking about in the interview was Plaintiff. While Ms. Bellamy testified that the word "old" was not used during her interview with Mark White, where Mr. White discussed Plaintiff, Ms. Bellamy testified that Mr. White used the phrase "much more mature", which is clearly a euphemism for old, when discussing the individual that Ms. Bellamy later concluded to be Plaintiff. Ms. Bellamy also testified that Mark White had mentioned that he was trying to transfer

this individual out of the department.  The fact that Mark White was openly discussing a current employee of the department that was applying for the open position, openly stating that she was not receiving the position, and was "mature" and that he was trying to transfer her out of the department, reflects that Plaintiff's age was a motivating factor in the decision not to hire her.

### A.  Plaintiff Was Qualified for the HCPPA position

Plaintiff performed many of the duties and tasks that were associated with the HCPPA position for a period of approximately 16 months before applying for the HCPPA position.  If Plaintiff was not qualified for the HCPPA position, logic would dictate that the duties and tasks associated with the HCPPA position that she was performing would have been assigned to another employee at any time during the 16 month period.  There is overlap between the coordinating manager position and HCPPA, and Plaintiff received good performance reviews.  Performance reviews completed by Mark White provided Plaintiff with ratings of "Satisfactory Plus" for some of the categories, and stated that "Ms. Ethlyn Johnson continues to be a vital part of the Department of Social Work."  Plaintiff also received letters of support from colleagues highlighting her qualifications for the HCPPA position.  Specifically, Mary Richardson, an LCSW R Social Worker Level V wrote in support of Plaintiff that "Ms. Ethlyn Johnson willingly took on the additional duties and responsibilities of Ms. Joan Calandrella, Sr. Health Care Program Planner Analyst when she retired on January 19, 2018."  Ms. Richardson further stated that Plaintiff collaborated on the completion of the Utilization Committee reports and that "This report has meant significant savings for the hospital and the creation of well needed acute care beds for the next admission.  The report was previously completed by Ms. Joan Calandrella prior to her retirement, but afterwards Ms. Johnson took on this task without hesitation and also began maintaining/reporting the statistics on ALC patients."  Ms. Richardson concluded by stating "I strongly support her aspirations to be promoted to Sr. Health Care Program Planner Analyst."

Plaintiff received further letters of recommendation from Jillian Guadeloupe, who worked with Plaintiff for two years at NYCH&H and Sandra Porter who worked with Plaintiff in 2017.  In addition, Renee Gomez, a Licensed Social Worker in the Social Services Department provided a letter of support for Plaintiff, stating that "Ms. Johnson worked with Ms. Joan Calandrella in the Social Work Dept. who retired on January 19, 2018 as the Senior Healthcare Program Planner Analyst.  Since Human Resources did not hire a replacement, Ms. Johnson inherited all responsibilities of a Senior Healthcare Program Planner Analyst without any formal training.  Due to Ms. Johnson's audacious work ethics she managed to take on full responsibilities as a Senior Health Care Program Planner Analyst as well as a (Coordinating Manager Level A)."

Based upon the above, it is apparent that, at minimum, there is a disputed question of fact as to whether Plaintiff was qualified for the HCPPA position, as numerous colleagues witnessed her ability to handle her own work duties, as well as those of the HCPPA position.

### B. Age was a Motivating Factor in not Being Selected for the HCPPA Position Supporting an Inference of Discrimination

As set forth above, Ellen Bellamy testified that during her interview with Mark White, Mr. White referred to an individual that Ms. Bellamy later came to realize was Plaintiff as "much more mature" than Ms. Bellamy.  This phrase is clearly a euphemism for old.  Being that Plaintiff was performing many of the duties of the HCPPA position for approximately 16 months, her peers witnessed and supported her move to the position, and her long history of employment with Defendant, it can be inferred that Plaintiff was passed over for the position due to her age.  Moreover, a review of Kathy

Donovan's resume, the individual that was ultimately selected for the HCPPA position, is devoid of any information concerning her computer or technical skills. The inference of discriminatory intent can be drawn from the employer's criticism of the plaintiff's performance in ethnically degrading terms, invidious comments about others in the employee's protected group, or the sequence of events leading to the plaintiff's discharge. *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456 (2d Cir. 2001) (holding that plaintiff met the burden of raising an inference of discriminatory intent by making numerous comments about the age of the Pan Am pilot force and referring to them as "contaminated" and "Bad Apples"). In this matter Mark White referred to Plaintiff as "much more mature" and stated to Ellen Bellamy that he was trying to transfer and individual that Ellen Bellamy later acknowledged to be Plaintiff out of the department. These comments are indicia of Mark White's discriminatory motive.

As admitted by Defendant, there is an eight-year age difference between Plaintiff and Kathy Donovan. Although Kathy Donovan is also in a protected age class, when the replacement worker is also a member of the protected class, such an age difference is of probative value and, in combination with other factors, can support an inference of age discrimination. *Molin v. Permafiber,* 2002 U.S.Dist. Lexis 23674 (S.D.N.Y. 2002).

### C. Defendant's Alleged Business Reasons for Hiring Kathy Donovan are Pretextual

Defendant's alleged business reasons for hiring Kathy Donovan are pretextual. Kathy Donovan had substantially less experience in administrative roles than Plaintiff. Moreover, Plaintiff was performing many of the tasks and duties associated with the HCPPA for approximately 16 months after Joan Calandrella's retirement. Plaintiff's colleagues who worked with Plaintiff and observed her daily tasks and functions supported her obtaining the HCPPA position because they observed her ability to handle that position. Thus, Defendant's assertion that there was a legitimate business reason for hiring Kathy Donovan over Plaintiff is without merit.

### D. Plaintiff Will Prevail on Her Equal Pay Act Claims at Trial

As set forth above, Plaintiff performed many of the tasks and duties associated with the HCPPA position for approximately 16 months after the retirement of Joan Calandrella. Plaintiff's colleagues observed the dual roles that Plaintiff undertook, which is part of the reason for their support of Plaintiff obtaining the HCPPA position on a permanent basis. Equal works means that the jobs must be substantially equal, they need not be identical. *Kent v. Papert Cos.* 309 A.D.2d 234 (1st Dept. 2003). Thus, even if Plaintiff did not perform each and every task of the HCPPA, she can still prevail on her Equal Pay Act claim.

Based upon all of the aforesaid, Defendant will not prevail on a motion for summary judgment. We thank the Court for its courtesies.

Respectfully Submitted,

*/s Michael Kupferberg*

By: Michael Kupferberg, Esq.
The Siegel Law Firm, P.C.
591 Stewart Avenue, Suite 400
Garden City, New York 11530
T: (516) 558-7559
F: (888) 315-8363

Cc: Lora Minicucci, Esq. (Via ECF)